SHIRLEY S. ABRAHAMSON, C.J.
¶ 39. (dissenting.) I agree with the court of appeals that the jury instruction incorrectly conveyed to the jury that the voluntary consumption of prescription medication cannot give rise to a defense of not guilty by reason of insanity (NGI).[1]
*356 ¶ 40. I disagree with the majority opinion's creation of a new rule that the effects of prescription medicines used as directed can never be the basis of an NGI defense.[2]
¶ 41. I start with the statutes, the one governing NGI and the other governing involuntary intoxication. The two are closely related. They have distinctive features but also share certain legal similarities; violation of each might be proven by similar facts.[3]
¶ 42. The NGI statute provides that a person is not responsible for criminal conduct if, at the time of such conduct, as a result of mental disease or defect, the person lacked the capacity either to appreciate the wrongfulness of his or her conduct or conform to the requirements of the law. Wis. Stat. § 971.15(1).
¶ 43. The involuntary intoxication or drugged condition defense provides that a person is not responsible for criminal conduct if, at the time the act is committed, the intoxicated or drugged condition is involuntarily produced and renders the actor incapable of distinguishing between right and wrong in regard to the alleged criminal act. Wis. Stat. § 939.42(1).
*357 ¶ 44. A person who attempts to rely on an involuntary intoxication defense under Wis. Stat. § 939.42 can often meet the standard of possessing a "mental disease or defect" under Wis. Stat. § 971.15. "[I]n regard to the effect which involuntary intoxication must produce in order to be considered a defense, the same test applies as in the case of mental disease or deficiency as a defense." State v. Gardner, 230 Wis. 2d 32, 38, 601 N.W.2d 670 (Ct. App. 1999) (emphasis added, quoted source omitted). In sum, the facts giving rise to an involuntary intoxication defense can also support an NGI defense.
¶ 45. An involuntary intoxication defense can be based on prescription medicine, when used as directed by a medical professional.[4] The majority opinion accepts this premise. "It is clear that the effects of prescription medication can form the basis of an involuntary intoxication defense."[5]
¶ 46. In contrast, according to the majority opinion, under no circumstances may prescription medicine, when used as directed by a medical professional, be the basis of an NGI defense.
¶ 47. I disagree with the majority opinion. I agree with both parties in the instant case that based on Gardner,[6] Kolisnitschenko,[7] and Gibson,[8] a temporary mental state that is brought into existence by the taking of a prescription medicine as directed can qualify as a mental defect for purposes of an NGI defense.
¶ 48. I reach this conclusion not only on the basis of these specific cases but also on the basis of the *358 underlying statutes, which demonstrate that the defenses of NGI and involuntary intoxication are closely related in the law. If the effects of prescription medicines used as directed can form the basis of involuntary intoxication, why cannot the effects of prescription medicines used as directed form the basis of an NGI defense, when the two defenses overlap? Why does the majority opinion create a new per se rule that is inconsistent with the overlapping aspects of the NGI and involuntary intoxication defenses?[9]
¶ 49. I am unpersuaded by the majority opinion, which reaches what on its face appears to be a conclusion contrary to the statutes and case law.
¶ 50. In any event, the real dispute between the parties focuses on whether the defendant's use of a combination of prescription drugs and alcohol may constitute the basis of an NGI defense. The State urges that a temporary mental state brought into existence by the voluntary taking of prescribed medicine as directed in combination with alcohol (no matter how small an amount) cannot be the basis of an NGI defense.
¶ 51. The majority opinion need not grapple with this issue because it holds that a defendant who consumes only prescription drugs is not eligible for an NGI defense. Under the majority opinion, whether the defendant consumed alcoholic beverages along with the prescription medication is irrelevant.
¶ 52. Because the majority opinion fails to provide any reason why the use of prescription drugs as directed cannot form the basis of an NGI defense when our case law already recognizes that such use can form the basis of an involuntary intoxication defense, I dissent.
*359 ¶ 53. I am authorized to state that Justice ANN WALSH BRADLEY joins this dissent.

 Majority op., ¶ 29-32.

 See State v. Gardner, 230 Wis. 2d 32, 38, 601 N.W.2d 670 (1999) (citing Wis JI — Criminal 755, cmt for the proposition that "[t]he involuntary intoxication standard ... is coextensive with the mental responsibility test").

 Majority op., ¶ 29 (citing Gardner).

 Gardner, 230 Wis. 2d at 40, 41-42.

 Gardner, 230 Wis. 2d 32.

 Kolisnitschenko, 84 Wis. 2d 492.

 Gibson v. State, 55 Wis. 2d 110, 197 N.W.2d 813 (1972).

 Majority op., ¶ 29.